IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JONEL MAGDA, et al. | ) | CASE NO.  1:10CV0800 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| GREATER CLEVELAND REGIONAL | ) | MEMORANDUM OF OPINION |
| TRANSIT AUTHORITY, et al. | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Plaintiffs *pro se* Jonel Magda and Liliya Magda bring this action alleging the unconstitutionality of R.C. 2744.01 *et seq*. under the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution .Defendants are the Greater Cleveland Regional Transit Authority ("GCRTA") and John McGlaughlin.

Plaintiff Jonel Magda alleges that, while working as an employee of the GCRTA, he sustained a severe electrical shock resulting in permanent injuries. The location of the work he was performing was in close proximity to a high voltage, electrical substation. He contends that GCRTA intentionally caused his injury because the electrical substation should have been deactivated. Defendant McGlaughlin was Plaintiff's supervisor. Plaintiffs filed an action in the Common Pleas Court of Cuyahoga County, Ohio. *Magda v. Greater Regional Transit Authority*, Case No. CV-07-635167.  The trial court granted GCRTA's Motion to Dismiss and later granted a summary judgment in favor of McGlaughlin. The Plaintiffs appealed to the Ohio Court of Appeals Eighth Appellate District which affirmed both decisions. *Magda v. Greater Cleveland Regional Transit Authority*, 2009 WL 4190987 (Ohio App. 8th Dist. Nov. 11, 2009). The Ohio Supreme Court refused to accept their appeal. *Magda v.Greater Cleveland Regional Transit Authority*, 124 Ohio St.3d 1510 (2010).

Plaintiffs assert that this Court should determine whether or not political subdivisions should be immune from liability under R.C. 2744.01 *et seq*. from employer intentional tort claims and, if so, whether such statutes withstand constitutional muster.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, 1999 WL 801562 * 2 (6th Cir. Sept. 28, 1999); *see also, Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

The United Circuit Court of Appeals for the Sixth Circuit uses a two-pronged inquiry when

assessing whether Rooker-Feldman bars a particular claim or cause of action. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding.  *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002).  "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment."  *Catz*, 142 F.3d at 293.  The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself.  *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006).  Second, the Rooker-Feldman doctrine bars a district court from exercising jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case, rather than a general constitutional challenge to the governing state law. *Id.*; *Tropf*, 289 F.3d at 937.

The issues before the state court and this Federal Court concern the constitutionality of R.C. 2744.01 *et seq*. The Ohio Court of Appeals held that  R.C. 2744.01 *et seq* is constitutional. In fact, the wording used in the Complaint shows that the Plaintiffs consider this action to be an appeal from the State court decisions.

Plaintiffs raised the question of the constitutionality of R C. 2744.01 *et seq*. in the Ohio courts. Under the doctrine of *res judicata*, a claim is barred if all of the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of

action. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 578 (6th Cir. 2008); *Browning v. Levy*, 283 F.3d 761, 771-72 (6th Cir.2002).

All of the criteria constituting *res judicata* are satisfied. The State court ruled on the constitutionality of R C. 2744. 01 *et seq*. The Court of Appeals stated:

> The supreme court recently stated its view on the subject in *O'Toole v. Denihan,* 118 Ohio St.3d 374, 889 N.E.2d 505, 2008-Ohio-2574, when it refused to consider the constitutionality of R.C. Chapter 2744. The supreme court stated: "In reviewing our precedent and that of numerous appellate courts, we conclude that this issue is one that is settled and need not be discussed any further in this case." *Id.* at ¶ 95, 889 N.E.2d 505 (citations omitted). We have likewise adhered to this view. See *O'Brien v. Olmsted Falls,* Cuyahoga App. No. 89966, 2008-Ohio-2659, at ¶ 26-27 (collecting cases). Magda's arguments offer no new basis for finding R.C. Chapter 2744 unconstitutional, so the court did not err by refusing to declare R.C. Chapter 2744 unconstitutional.

*Magda*, 2009 WL 4190987 at * 5. Although the constitutionality of R, C. 2477.01 *et seq*. under federal law was not a question in the state court, it should have been litigated there. This Court does not review state court decisions.

Accordingly, Plaintiffs' Motion to Proceed *In Forma Pauperis* is granted. This action is dismissed under 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: June 1, 2010  S/Christopher A. Boyko
JUDGE CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE